UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BRIAN VESCIO and
CONSTANCA VESCIO,

                                 Plaintiffs                  **NOTICE OF REMOVAL**

      - against -

                                                            23 Civ. _____

BANKERS STANDARD
INSURANCE COMPANY,

                                 Defendant.
-------------------------------------------------------------------x

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

      Defendant BANKERS STANDARD INSURANCE COMPANY ("Bankers") hereby files this Notice of Removal of the above-captioned action, pursuant to 28 U.S.C. §§ 1441 and 1446, from the Supreme Court of the State of New York, County of Rockland, Index No. 034243/2023, to the United States District Court for the Southern District of New York. In support of removal, Defendant respectfully states as follows:

      1.    On August 31, 2023, Plaintiffs Brian Vescio and Constanca Vescio (collectively, "Plaintiffs") filed a Summons with Notice in the Supreme Court of the State of New York, County of Rockland bearing Index Number 034243/2023 (the "State Court Action"). A copy of the Summons with Notice in the State Court Action is annexed hereto as Exhibit A.

      2.    No Affidavit of Service has been filed by Plaintiffs to date. Upon information and belief, the Summons with Notice in the State Court Action was served on Bankers, via in-person out-of-state service in Pennsylvania, on September 14, 2023.

3. This Notice of Removal is, therefore, timely since it has been "filed within thirty days after the receipt by [] Defendant[s], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief...," as required by 28 U.S.C. § 1446(b).

4. The Summons with Notice in the State Court Action constitutes all of the processes, pleadings, and orders filed or served in the State Court Action.

5. The Summons with Notice in the State Court Action constitutes the initial pleading for purposes of removal under 28 U.S.C. § 1446(b) as it provides the necessary alleged facts to support this removal.

6. Plaintiffs have not yet filed their Complaint and Defendant has not yet appeared in the State Court Action. Thus, Defendant's time to answer or move with respect to Plaintiffs' initial pleading has not yet expired.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action seeking damages where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. As set forth in the State Court Summons with Notice, Plaintiffs are now, and were at the time the State Court Action was commenced, residents of the State of New York and, specifically, Rockland County. Plaintiffs are therefore citizens of the State of New York.

9. Defendant Bankers is now, and was at the time the State Court Action was commenced, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

10. Accordingly, the citizenship of the parties is diverse.

11. The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Summons with Notice that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

12. A removing defendant need show only "a '*reasonable probability*' that the claim is in excess of the statutory jurisdictional amount" of $75,000 [--] [a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *GW Holdings Grp., LLC v. U.S. Highland, Inc.*, 794 F. App'x 49, 50 (2d Cir. 2019) (quoting *Tongkook Am., Inc. v. Shimpton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 2004)) (emphasis added); see also, *Sigma Equip. Corp. v. Rocky Mountain Body Works & Co.*, No. 22-CV-02164 (PMH), 2022 WL 831822, at *1 (S.D.N.Y. Mar. 21, 2022) (accord).

13. In determining the amount in controversy, a district court should first review the allegations in the initial pleading and then look to Defendant's petition for removal. *Henry v. Warner Music Grp. Corp.*, No. 13 CIV. 5031 (PGG), 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014) (citing *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)).

14. In their Summons with Notice, Plaintiffs allege that they are the owners of a home located at 259 Sickletown Road in West Nyack, New York (the "Premises").

15. Plaintiffs allege money damages for breach of contract, fraud, fraud in the inducement, and breach of the implied covenant of good faith and fair dealing, arising out of and relating to Bankers' denial of Plaintiffs' insurance claim for damages sustained to the Premises. Plaintiffs further allege that their damages are "in no event less than $400,000.00" (the "Loss").

16. Given the extent of claimed damages for the Loss alleged in the State Court Action, it is facially apparent from the Summons with Notice that the amount in controversy exceeds the jurisdictional minimum. See, *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 625 (S.D.N.Y. 2004) (holding there is a "rebuttable presumption that the amount of damages alleged in the complaint is a good faith representation of the amount in controversy").

17. The United States District Court for the Southern District of New York maintains jurisdiction over the place where the State Court Action is pending. 28 U.S.C. §§ 112(d), 1441(a).

18. By reason of the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and the action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

19. Written notice of the filing of this notice of removal will be given to Plaintiffs and a true copy of this notice of removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Rockland, as provided by law.

## NON-WAIVER OF DEFENSES

20. By removing this action from the Supreme Court of the State of New York, County of Rockland, Defendant does not waive any defenses.

21. By removing this action from the Supreme Court of the State of New York, County of Rockland, Defendant does not admit any of the allegations in Plaintiffs' Summons with Notice.

**WHEREFORE**, Defendant Bankers Standard Insurance Company removes the above-captioned action from the Supreme Court of the State of New York, County of Rockland to the United States District Court for the Southern District of New York.

Dated: New York, New York
October 3, 2023

                                        Respectfully submitted,

                                        MOUND COTTON WOLLAN &
                                        GREENGRASS LLP

                                        By: _/s/ Costantino P. Suriano_
                                        Costantino P. Suriano, Esq.
                                        Robert S. Goodman, Esq.
                                        Matthew G. Horowitz, Esq.
                                        One New York Plaza, 44th Floor
                                        New York, New York 10004
                                        Tel: 212-804-4200
                                        Email: csuriano@moundcotton.com
                                        Email: rgoodman@moundcotton.com
                                        Email: mhorowitz@moundcotton.com

                                        *Attorneys for Defendant*

TO: Moshe Y. Singer, Esq.
     Law Office of Moshe Y. Singer
     Attorneys for Plaintiffs
     1617 45th Street
     Brooklyn, New York 11204
     Tel: (929) 333-9630