UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BRIAN VESCIO and CONSTANCA VESCIO,

                          Plaintiffs,

       v.

BANKERS STANDARD INSURANCE COMPANY,

                          Defendant.
-------------------------------------------------------------------x

**COMPLAINT**

23-CV-08679 (NSR) (VR)

        Plaintiffs BRIAN VESCIO and CONSTANCA VESCIO, by and through their attorney Moshe Y. Singer, Esq., complaining of Defendant BANKERS STANDARD INSURANCE COMPANY, allege upon information and belief as follows:

        1.      That at all times hereinafter mentioned, Plaintiffs BRIAN VESCIO and CONSTANCA VESCIO (collectively, "PLAINTIFFS" or the "VESCIOS") were adult residents of the State of New York, County of Rockland.

        2.      That at all times hereinafter mentioned, Defendant, BANKERS STANDARD INSURANCE COMPANY ("DEFENDANT" or "BANKERS") was and is a foreign corporation organized and existing under the laws of the State of Pennsylvania, with its principal offices located at 436 Walnut Street, Philadelphia, Pennsylvania 19106.

        3.      That at all times hereinafter mentioned, DEFENDANT was and is duly authorized by the Department of Financial Services of the State of New York to issues policies of insurance within the State of New York, and indeed issued the policy of insurance described herein.

        4.      That PLAINTIFFS owned and resided in the premises located at 259 Sickletown Road, West Nyack, New York 10994 (the "Premises").

5.      That PLAINTIFFS purchased, for good and valuable consideration, an insurance policy from BANKERS, policy number 268-04-45-24H (the "Policy"), insuring the Premises for damage alleged herein.

6.      That at all relevant times, PLAINTIFFS had an insurable interest in the Premises.

7.      That on or about September 1, 2021, the Premises suffered a loss caused by a peril covered under the Policy.

8.      That portions of the Premises and contents therein were damaged and/or destroyed as a result of the herein described loss.

9.      That the Policy was in full force and effect at the time of damage and loss complained of herein.

10.      That as a result of the damage and loss complained of herein, PLAINTIFFS sustained property and contents damages in the combined sum of at least $400,000.

11.      That PLAINTIFFS made a timely insurance claim with DEFENDANTS for insurance proceeds for the covered damage and loss.

12.      That PLAINTIFFS complied with all conditions precedent under the Policy.

13.      That BANKERS has denied the claim and declined to indemnify PLAINTIFFS for their damage and loss.

**AS AND FOR THE FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

14.      PLAINTIFFS re-allege and incorporate each of the foregoing paragraphs, as if they were fully set forth herein.

15.      That the relationship between the VESCIOS and DEFENDANT is governed by contract – the Policy.

2

16.     That in denying PLAINTIFFS' rightful claim under the Policy, DEFENDANT breached its contract and the obligations owed thereunder.

17.     That as a result of DEFENDANT'S breach of contract, the VESCIOS suffered damages as complained of herein.

## AS AND FOR THE SECOND CAUSE OF ACTION
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

18.     PLAINTIFFS re-allege and incorporate each of the foregoing paragraphs, as if they were fully set forth herein.

19.     That every contract contains the implied covenant of good faith and fair dealing, by which the contracting parties agree to act in good faith and to deal fairly with one another, and abstain from bad faith behavior and unfair dealing.

20.     That the Policy contained an implied covenant of good faith and fair dealing, pursuant to which DEFENDANT had a responsibility, *inter alia*, to exercise good faith and deal fairly during and throughout the claim process, including but not limited to in its investigation, adjustment, and determination as to coverage.

21.     That during the claim process, DEFENDANT engaged in bad faith conduct and unfair dealing with the VESCIOS aimed at frustrating PLAINTIFFS' right to recover under the Policy.

22.     That during the claim process, BANKERS initially indicated that the claim would be covered and in connection with such indication of coverage, requested specific claim-related documentation from PLAINTIFS, which documentation DEFENDANT then manipulatively used in purported support of DEFENDANT'S bad-faith claim denial.

**WHEREFORE,** PLAINTIFFS respectfully request judgement against DEFENDANT of at least $400,000.00 with interest, compensatory and consequential damages, along with costs and disbursements of this action, and for such other relief as the Court deems just and proper.

Dated: Brooklyn, NY
        October 24, 2023

By: _____
Moshe Y. Singer, Esq.
LAW OFFICE OF MOSHE Y. SINGER
*Attorney for Plaintiffs*
1617 45th Street
Brooklyn, NY 11204
Telephone: (929) 333-9630
Facsimile: (646) 783-0715
Email: msinger@mysingerlaw.com

4

## CERTFICATE OF SERVICE

I, Moshe Y. Singer, hereby certify that on October 24, 2023, a copy of the foregoing Complaint was served on the parties listed below by electronic mail and via the Court's electronic filing system:

Robert Steven Goodman
Mount Cotton Wollan & Greengrass LLP
One New York Plaza, 44th Floor
New York, NY 10004
rgoodman@moundcotton.com
*Counsel for Defendant Bankers Standard Insurance Company*

Costantino P. Suriano
Mound Cotton Wollan & Greengrass LLP
One Battery Park Plaza
New York, NY 10004
csuriano@moundcotton.com
*Counsel for Defendant Bankers Standard Insurance Company*

Moshe Y. Singer